**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

VICTOR RODRIGUEZ,

    Defendant.

Case No. 99-mj-00145 (ADC)[1]

## OPINION AND ORDER

Pending before the Court is defendant Victor Rodríguez's ("defendant") motion for reconsideration (the "motion for reconsideration") of an Opinion and Order (**ECF No. 37**), denying (1) his motion to set aside an Order from the U.S. District Court for the Eastern District of Pennsylvania that denied defendant's motion for return of property (**ECF No. 8**), and (2) his motion to set aside a declaration of administrative forfeiture ("the motion to set aside forfeiture") (**ECF No. 35**).

Petitioner seeks the return of three items of property—a 1995 Red Lexus ("Item 6"), a 1996 Green Grand Am Pontiac ("Item 7"), and a Kawasaki Jet Ski ("Item 8")—that were seized and administratively forfeited by an agency of the government. **ECF Nos. 8, 35**. Among other things, defendant argues that the items should be returned to him because the government had failed to provide him with notice within 60 days of seizure, as required by 18 U.S.C. § 983(a)(1)(A)(I). **ECF No. 35** at 1-3. In the Opinion and Order dated May 22, 2015, (**ECF No. 37**) the Court found that, even if notice was not sent to defendant within 60 days of Items 6-8 being seized, defendant's attempt to set aside the forfeiture of said items was untimely because it had been initiated more than five years after the final publication of the notice of seizure, in violation of 18 U.S.C.

---

[1] This case was transferred to the Court on August 1, 2011, from the U.S. District Court for the Eastern District of Pennsylvania. **ECF No. 7.**

§ 983(e)(3) ("§ 983(e)"). **ECF No. 37** at 2-3.

In the instant motion for reconsideration, defendant argues that the Opinion and Order should be reconsidered because the finding, that defendant had untimely sought to set aside the forfeitures, was incorrect. **ECF No. 38.** Specifically, defendant argues that § 983(e), which was codified as part of the Civil Asset Forfeiture Reform Act ("CAFRA"), did not become effective until August 23, 2000, which he alleges was after the commencement of his forfeiture cases. *Id*. at 2. As a result, he argues that § 983(e) does not apply here. *Id*. Defendant further argues that a six-year statute of limitations applies under 28 U.S.C. § 2401, which he alleges would make his motion to set aside forfeiture timely. *Id*. at 2-3.

The Court agrees with defendant that the Opinion and Order should be reconsidered. As defendant argues, the CAFRA became effective on August 23, 2000, and the provisions codified thereunder apply to civil forfeiture cases that are or were commenced on or after that date. *United States v. $21,510.00 in U.S. Currency*, 144 F. App'x 888, 889 (1st Cir. 2005). In addition, § 983 was created as one piece of a larger package of statutory provisions promulgated under the CAFRA. *See* Pub. L. No. 106-185, 114 Stat. 202, § 2. Thus, as defendant contends, § 983(e) does not apply to this case, and thus, that provision does not render his motion to set aside forfeiture untimely. Consequently, the motion for reconsideration (**ECF No. 38**) is **GRANTED** to the extent that defendant's motion to set aside forfeiture is not untimely.

This is as good as things get for defendant, as the case is now back where it was before the abovementioned finding—with defendant challenging the timeliness of the notice provided by the government with respect to Items 6-8. Defendant bases that argument on the 60-day notice requirement in § 983(a)(1)(A)(I). **ECF No. 35.** The achilles heel of defendant's argument with respect to § 983(e) may now begin to become apparent because, if § 983(e) is not applicable in this case because § 983 was not effective until August 23, 2000, then § 983(a)(1)(A)(I) is equally not effective for the same reason.

Specifically, § 983(a) and § 983(e) are both subsections of § 983—a section that plaintiff persuasively argues is not applicable here. *See* **ECF No. 38** at 1-3.[2] This means that § 983(a) is inapplicable here, and thus, even if notice was not sent to defendant for more than 60 days after Items 6-8 were seized, this does not necessarily mean that the notices were defective.

Instead, where, as here, the administrative forfeiture proceedings were commenced before the effective date of the CAFRA, the government is still required to notify any person with an interest in the subject property. *See Longenette v. Krusing*, 322 F.3d 758, 760 (3d Cir. 2003). "The government accomplishes notification by sending a letter via certified mail to the person's last known address and by advertising a notice of forfeiture in a local publication on three separate occasions." *Id*. at 760-61 (citing 19 U.S.C. § 1607(a)).

In this case, the government provided the required notice. First, the parties agree that Items 6-8 were seized on May 26, 1999. **ECF No. 14** at 7; **ECF No. 35-1** at 1. The government then explains that, with respect to each of the items, the following notice was provided to defendant: (1) on July 19, 1999, written notice was sent by certified mail to defendant at the Metropolitan Detention Center in Guaynabo ("MDC"), to the Federal Public Defender—defendant's attorney for removal proceedings in Puerto Rico, and to defendant's last known pre-arrest address in Puerto Rico; (2) notice was published in the San Juan Star and/or USA Today for three successive weeks on July 28, 1999, August 4, 1999, and August 11, 1999; (3) on August 11, 1999, notice was sent by certified mail to defendant at FCI Schuykill; and (4) on August 24, 1999, notice was sent to

---

[2] Arguably, therefore, defendant waived any argument that § 983(e)—and by extension the CAFRA—did not apply to this case, given that it was defendant that argued that § 983(a)(1)(A)(i)—and by extension the CAFRA—did apply. *See Pagan-Colón v. Walgreens of San Patricio, Inc.*, 697 F.3d 1, 13 (1st Cir. 2012) (refusing to entertain a party's argument that the district court lacked discretion to deny liquidated damages when, previously, the party had stated that the court did have discretion to make such a determination). The Court will not further dwell on this issue however.

defendant at Salem County Correctional Facility. **ECF No. 14** at 7-9. The government asserts that the notices sent on August 11, 1999 and August 24, 1999 were accepted by officials at the respective prisons. *Id*.

In support of this account of the notice provided to defendant, the government submitted a declaration from John Hieronymus ("the declaration"), the Forfeiture Counsel of the Drug Enforcement Administration. **ECF No. 14-1.** The declaration provides further detail. The July 19, 1999 notice sent to defendant at MDC was, with respect to Items 6 and 7, returned to sender because defendant had been transferred to "SCH," and, with respect to Item 8, accepted on July 26, 1999. *Id*. at 13, 16-17, 23-24. Delivery of the July 19, 1999 notice sent to defendant's attorney was accepted on July 27, 1999. *Id*. at 13, 17, 24. The July 19, 1999 notice sent to defendant's last known address in Puerto Rico was returned to sender after delivery was attempted. *Id*. at 13, 16, 23. With respect to Item 6, delivery of the August 11, 1999 notice sent to defendant at FCI Schuykill was accepted on August 20, 1999. *Id*. at 15. With respect to Items 7 and 8, though, the same notice was returned to sender with a stamp stating "Forward to: 601 Market St, Phila, PA 19106." *Id*. at 19, 25. In addition, with respect to Item 8, the same returned notice also contained a handwritten notation "8/18 Salem Co. Correctional Facility, 125 Cemetery Rd., Woodstown, N.J. 08098." *Id*. at 25-26. Delivery of the August 24, 1999 notice was accepted on August 27, 1999. *Id*. at 15, 20, 26.

Defendant does not dispute any of the above-stated factual allegations, instead, in most respects he relies upon those allegations in making his claim that the August 11, 1999 and August 24, 1999 notices were sent to him in violation of the 60-day notice requirement of § 983(a)(1)(A)(I). *See* **ECF No. 35** at 1-3. Defendant argues, however, that, because he was in government custody, it was incumbent upon the government to mail notice to him at his place of confinement. *Id*. at 2. To the extent the Court agrees with that argument, the allegations in the declaration reflect that notice was eventually sent to defendant at his place of confinement. Specifically, after notices

sent to MDC and FCI Schuykill were returned to sender, the government sent notice again to Salem County Correctional Facility, as suggested in the handwritten notation on the August 11, 1999 notice with respect to Item 8. *See* **ECF No. 14-1** at 25-26. Delivery of this notice was accepted as to each of Items 6-8, *id*. at 15, 20, 26, and defendant does not argue that he was not detained at Salem County Correctional Facility at this time, *see* **ECF No. 35** at 2-3.

Instead, defendant challenges only the July 19, 1999 notice sent to his pre-incarceration address, as being defective in this manner. *Id*. Because the government subsequently sent notice to a place of confinement that it believed defendant was incarcerated, the July 19, 1999 notice to defendant's pre-incarceration address is irrelevant. *See Dusenbery v. United States*, 534 U.S. 161, 122 S.Ct. 694 (2002) (explaining that notice of forfeiture must be "reasonably calculated under all the circumstances" to apprise the claimant of the forfeiture). Here, the government first sent notices to MDC. After these were returned, the government then sent notices to FCI Schuykill, which as to Items 7 and 8, were also returned. After one of these returned notices suggested that defendant had been transferred to Salem County Correctional Facility on August 18, the government then sent final notices to that institution. Defendant does not argue that the notices of forfeiture sent to the Salem County facility were not reasonably calculated under all of the circumstances to notify him of the forfeiture proceedings. Thus, as the Supreme Court stated in *Dusenbery*, "[d]ue process requires no more." *Id*. at 173. In addition, contrary to defendant's contention, "actual notice" is not required. *Id*. at 170-73.

Defendant also asserts that notice was not sent to his criminal attorney. **ECF No. 35** at 3. This argument would appear to be supported by the record, given that the government acknowledges that the July 19, 1999 notice was sent to the Federal Public Defender representing defendant with respect to his removal to the Eastern District of Pennsylvania. *See* **ECF No. 14** at 7-9. However, in light of the fact that (1) defendant

was Ordered removed on May 19, 1999, **ECF No. 5**, and the docket reflects that (2) the criminal proceeding in this District was closed on May 25, 1999, and (3) the representation of defendant by his criminal attorney ended on May 25, 1999, the government sending the notice of forfeiture to defendant's removal attorney on July 19, 1999—*after* the criminal case in this District was terminated—appears to have been *more* likely, than less likely, to have apprised defendant of the existence of the forfeiture proceeding. In other words, due process was not offended by the government's conduct in this regard.

Accordingly, for the reasons discussed herein, although the motion for reconsideration (**ECF No. 38**) is **GRANTED** to the extent that defendant's motion to set aside forfeiture is not untimely, defendant's underlying contention that he received deficient notice continues to be unavailing. Therefore, the motion to set aside declaration of administrative forfeiture (**ECF No. 35**) remains **DENIED**. The Clerk shall mail a copy of this Opinion and Order to defendant.

**SO ORDERED.**

At San Juan, Puerto Rico, on this 7th day of April, 2017.

**S/AIDA M. DELGADO-COLÓN**
**Chief United States District Judge**